IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE SKY, LLC, | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | NO.  20-6359 |
| | : | |
| STEVEN BROWN, *ET AL.*, | : | |
| | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW**, this 14th day of May, 2021, upon consideration of the parties' joint "Stipulation and Order" (ECF No. 40) and letter (ECF No. 41), requesting that the case be transferred to the Montgomery Court of Common Pleas, I find as follows:

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1.  This case involves two loans, totaling $800,000, that Plaintiff remitted to Defendants and that Defendants have allegedly failed to repay.  (See Compl. ¶¶ 12, 20, 25, 38, ECF No. 1.)

2.  On December 18, 2020, Plaintiffs commenced the lawsuit in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

3.  On April 15, 2021, Defendants filed a Motion to Dismiss, citing to Federal Rule of Civil Procedure 12(b)(1) and arguing that complete diversity of citizenship amongst the parties was lacking.

4.  With Defendants' Motion to Dismiss still pending, the parties have filed a joint stipulation and letter, "requesting that this matter be transferred to the Montgomery County Court of Common Pleas, and then dismissed without prejudice from this Court."  (Letter, ECF No. 41.)  The parties further stipulate that "Defendants' pending Motion to Dismiss is resolved,

subject to the approval of the Court. . ."  (Joint Stipulation, ECF No. 40.)  In support of

their request, the parties cite to 42 Pa.C.S. § 5103[1] and Majek Fire Prot., Inc. v. Carusone

Constr., Inc., No. 03-3692, 2006 WL 1704562, at *1 (E.D. Pa. June 13, 2006).

## II.  DISCUSSION

5.  The parties request that I transfer this matter to state court and dismiss the federal action

without prejudice.  However, I have no authority to do so.  In fact, in Majek, which the

parties have cited, the court denied a nearly identical request to transfer a federal-court-

initiated action to state court and explained:

> This Court has no power or authority to "remand" this case to state court.
> A district court is empowered to remand a case or claims to a state court
> only where a case was removed from state court pursuant to federal
> statute.  See 28 U.S.C. § 1441 et seq.  This case was never removed from
> any state court such that it could be remanded.  See McLaughlin v. Arco
> Polymers, Inc., 721 F.2d 426, 429 (3d Cir.1983) (finding § 1447(c)
> inapplicable where the action was never removed from state court).  Rather,
> Plaintiffs initiated the case in this [federal] Court.  Under such
> circumstances, we cannot remand this case to state court.
>
> Even if we treat Plaintiff's request for remand as a motion to transfer, this
> Court has no authority to effect such transfer.  While transfer to a more
> appropriate *federal* court for improper venue or want of jurisdiction may be

---

[1]      In relevant part, 42 Pa.C.S. § 5103 states as follows:

(b) Federal cases.-

(1) . . .  In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth.  Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth.  The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

available pursuant to federal law, no federal statute empowers a district court to transfer a civil action originally filed in federal court to a *state* court. <u>See</u> <u>McLaughlin</u>, 721 F.2d at 428–29 (finding that neither 28 U.S.C. § 1631 nor § 1447 gave a district court authority to transfer a case originally filed in that district court to any state court). Furthermore, while 42 Pa.C.S. § 5103 allows for transfer of a case from federal to state court where federal jurisdiction is found to be lacking, such power lies with the parties themselves, *not* with the district court. <u>Id.</u> at 430–31. Thus, we have no authority to order the transfer of any case to the state court even where the state statute permitting such transfer applies. Rather, the parties are responsible for effecting transfer.

<u>Majek</u>, 2006 WL 1704562, at *1 (emphasis in original) (footnote omitted).

6. Here, Plaintiff initiated this action in federal court. The matter was not removed from any state court. Therefore, I have no authority to transfer or remand this action to state court. Section 5103 enables *the parties* to initiate a transfer to state court only after a federal court action is dismissed for lack of jurisdiction. Thus, in order for the parties to avail themselves of the protections of § 5103, this case must be dismissed for a lack of jurisdiction. If the parties wish to proceed to state court, Plaintiff must clarify its position regarding the diversity of citizenship of the parties. If Plaintiff agrees that complete diversity is lacking, I will dismiss the case with prejudice and, thereafter, the parties can initiate the 5013 procedures to state court.

**WHEREFORE**, it is hereby **ORDERED** that the parties' "Stipulation and Order" (ECF No. 40), is **DENIED**.

It is **FURTHER ORDERED** that **within two (2) weeks of the date of this Order**, Plaintiff shall either file a response to this Order or Defendants' Motion to Dismiss.

**BY THE COURT:**

 **/s/ Mitchell S. Goldberg**
**Hon. Mitchell S. Goldberg**

3